IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIK SMITH, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL K. SMEAL, et al., | : | NO. 09-2655 |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

LINDA K.  CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a *pro se* petition for Writ of Habeas Corpus,

filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated at the State Correctional

Facility-Forest, in Marienville, Pennsylvania.  For the reasons which follow, it is recommended

that the petition be DISMISSED.

I.        PROCEDURAL HISTORY

On September 21, 2001, following a jury trial presided over by the Honorable

John J.  Chiovero of the Philadelphia Court of Common Pleas, petitioner was convicted of two

counts of aggravated assault and one count of carrying a firearm on public streets.  These charges

stemmed from a July 2000 shootout that occurred on the street as a result of a long-standing feud

petitioner had with a co-defendant.   On December 7, 2001, petitioner was sentenced to twelve

and one-half (12 ½) to twenty-five (25) years imprisonment.

Petitioner filed post-sentence motions, which were denied on April 1, 2002.

Petitioner filed a direct appeal on May 1, 2002.  On May 12, 2003, the Superior Court affirmed

the lower court's judgment of sentence.  Thereafter, petitioner sought allowance of appeal to the Pennsylvania Supreme Court.  The court denied *allocatur* on September 29, 2003.

On June 17, 2004, petitioner filed a petition for post-conviction relief, pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, *et seq*.  The court appointed counsel who filed an amended petition for collateral relief on April 18, 2005.  The PCRA court denied the petition on November 18, 2005.  Petitioner filed an appeal to the Superior Court, who affirmed the lower court's decision on August 23, 2007.  Petitioner also filed a petition for allowance of appeal to the Pennsylvania Supreme Court.  The court denied this petition on December 20, 2007.

On February 12, 2008, petitioner filed a second PCRA petition.  On December 18, 2009, the PCRA court denied the petition after finding it meritless.  Petitioner filed an appeal to the Superior Court.

On May 28, 2009, prior to the Superior Court's decision, petitioner had filed a petition for writ of habeas corpus with this court.  Petitioner thereafter sought a stay and abeyance of his habeas petition as collateral proceedings were pending in the state court.  (Doc. No.  5).  The Honorable Juan R.  Sanchez granted petitioner's motion for stay on August 5, 2009.  (Doc.  No.  8).

On December 16, 2010, the Superior Court affirmed the lower court's decision with regard to the merit of the newly-discovered evidence and specifically held that petitioner did not meet the statutory exception to the one-year second or subsequent petition limitations period because petitioner did not also prove that he filed his petition within 60 days of the date the claim could have been presented.   The state court dockets do not reflect that petitioner sought appeal

2

to the Pennsylvania Supreme Court.

Federal habeas proceedings restarted on February 1, 2011.  (Doc.  No.  11).   In his habeas petition, petitioner makes the following claims:

(1)     Petitioner was denied the right to a fair trial in violation of the Fourteenth Amendment when the trial court erred by failing to sever petitioner's trial from co-defendant Shareef Cato's trial, in view of the fact that antagnostic defenses were offered by defendants which, in turn, forced their respective defense counsel to act as the functional equivalents of prosecutors throughout the trial;

(2)     Petitioner was denied effective assistance of counsel on direct appeal in violation of the Sixth Amendment when direct appeal counsel failed to raise and preserve the claim that petitioner was denied effective assistance of counsel at trial in violation of the Sixth and Fourteenth Amendments where trial counsel failed to request a Kloiber Charge in light of the fact that the state's key witness Ivey had on three separate occasions identified two different shooters as being the individual who fired the first shot.;

Respondents contend that the instant habeas petition is untimely, as it was not filed within the one-year habeas limitations period and petitioner fails to meet the standard for equitable tolling. We agree and recommend that the petition be dismissed as untimely.

II.     TIMELINESS

A.     Statutory Tolling

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness.  A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, *et seq*., which was amended under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in April 24, 1996.  Under section 2244(d), the AEDPA provides:

A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall

run from the latest of –

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by state
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such state action;

> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or

> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996).

This statute also creates a tolling exception, which notes that "[t]he time during
which a properly filed application for state post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection." 28 U.S.C. § 2254(d)(2).  A "properly filed application" is "one submitted
according to the state's procedural requirements, such as the rules governing the time and place
of filing."  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  If a petitioner files an out-of-
time application and the state court dismisses it as time-barred, then it is not deemed to be a
"properly filed application" for tolling purposes.  Merrit v. Blaine, 326 F.3d 157, 165-66 (3d Cir.
2003).

Applying the AEDPA limitations period to the instant case, petitioner's judgment
of sentence became final on December 18, 2003, ninety days after the Pennsylvania Supreme
Court's denial and upon expiration of the time in which petitioner could seek review by the

United States Supreme Court.  See Sup.Ct.R.  13.1 (a petition for writ of certiorari seeking review of a state court judgment that is subject to discretionary review by the state court is timely if filed within 90 days after entry of the order denying discretionary review).   Thus, petitioner's one year limitations period in which to file for habeas corpus relief began to run on December 19, 2003.   Absent tolling of the limitations period, petitioner had until December 19, 2004, to file a timely habeas petition.   See § 2244(d)(1)(A).

We must consider the effect of petitioner's post-conviction petitions on the habeas limitations period.  As stated previously, petitioner filed his first PCRA petition on June 17, 2004.  At this time, one-hundred eighty-two days of the limitations period had passed.  The habeas limitations period was effectively tolled until December 20, 2007, when the Pennsylvania Supreme Court denied *allocatur*.  Thus, the habeas clock began to run again on December 21, 2007.   Petitioner had one-hundred ninety-three days remaining to file a timely habeas petition with this court.  Assuming no other tolling applies, a timely habeas petition was due to be filed by June 30, 2008.

Petitioner filed a second PCRA petition on February 12, 2008.  The Superior Court held that it did not have jurisdiction to review the petition as petitioner failed to prove that one of the time-bar exceptions set forth in section 9545 for second and subsequent post-conviction petitions applied.   We have determined that petitioner's second PCRA petition does not statutorily toll the habeas limitations period as it was not "properly filed."  Thus, a timely habeas petition was due to be filed by June 30, 2008, as stated above.   Petitioner did not file the instant habeas petition until May 29, 2009, almost one year after the habeas limitations expired.

5

B.      Equitable Tolling

Although statutory tolling does not sufficiently toll the habeas limitations period in this case, it is possible that equitable tolling may enable petitioner to overcome the one year habeas limitations period.  The Third Circuit has held that the statute of limitations in the AEDPA is subject to equitable tolling.  Merrit, 326 F.3d at 168.   Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair."  Id. (quotation omitted).  The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient."  Miller, 145 F.3d at 618-619 (internal quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 122 S. Ct. 323 (2001) (citing cases).  To otherwise apply equity would lose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation."  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner has made several arguments that equitable tolling should apply.  The first appears in his Motion for Stay and Abeyance, in which petitioner contends that prior counsel, Ms.  Rodrigues, was negligent and inexperienced in federal habeas proceedings.  (Mtn. for Stay at

6

3, 4).   Petitioner has not provided further detail as to how his post-conviction counsel's actions affected the timeliness of his federal habeas action.  As stated above, the Third Circuit has held that attorney error does not qualify as an extraordinary circumstance required for equitable tolling. Fahy, 240 F.3d at 244.   Even where a petitioner has been more specific as to his attorney's actions, the courts have held that attorney error does not rise to the level of "extraordinary circumstances."  See LaCava v. Kyler, 398 F.3d 271 (3d. Cir.  2005)(an attorney's failure to notify a client of the status of collateral proceedings does not constitute an extraordinary circumstance necessary for equitable tolling); Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002)(although petitioner received erroneous advice from defense counsel as to the habeas filing deadline and petitioner relied on this advice, equitable tolling was not warranted).  To that extent, petitioner's vague allegations of inexperience and negligence on the part of post-conviction counsel cannot be considered extraordinary circumstances warranting equitable tolling.

Petitioner makes more substantive arguments concerning equitable tolling in his Traverse.  For one, petitioner contends that an agent of the state acted deceptively, dishonestly and in bad faith.  (Traverse at 6).  More specifically, petitioner alleges that the Commonwealth conceded to the timeliness of petitioner's second PCRA petition through confirmation given to petitioner's post-conviction counsel, Sandra Rodrigues.  (Traverse at 6).  Petitioner argues that when he filed his second PCRA petition, he had four months left in which to file a timely habeas petition.  (Traverse at 6).  Petitioner further contends that equitable tolling is warranted because the Commonwealth's attorney mislead petitioner by knowingly conceding to the timeliness when the attorney knew this would be the basis for future argument or dismissal.  (Traverse at 7-8).

To support his argument, petitioner references a letter dated July 28, 2009, from

7

attorney Rodrigues to petitioner.  (Traverse Ex.  A).  In the letter, attorney Rodrigues wrote: "the Commonwealth advised me that it would agree to the timeliness component of our argument and ask the Court to dismiss the case on the merits."   Petitioner also states generally that the Commonwealth conceded to the timeliness of the petition in both its Response to the Motion for Stay and in collateral proceedings.

We are unpersuaded by this argument for several reasons.  First, we disagree that the Commonwealth conceded twice–in the Response to the Motion for Stay and in the PCRA proceedings–that the petition was timely.  (Traverse at 11).  Nowhere in the Response to the Motion to Stay does the Commonwealth agree that the PCRA petition was timely.   Indeed, on the first page of the response, the Commonwealth states: "The Commonwealth has not conceded that the PCRA petition is timely filed."  (Response at 1).  Also, "the undersigned believes that the current petition for habeas relief is time-barred, *as is the pending state petition for post conviction relief*."  (Response at 1, emphasis added).    The Commonwealth also attached as an exhibit its Motion to Dismiss the second PCRA petition.  Under Section III, the Commonwealth clearly states: [t]his is defendant's second PCRA petition and should be dismissed as untimely because he has not shown a valid exception to the time-bar."  (Mtn.  to Dismiss at 6).  The Commonwealth goes on to argue that petitioner cannot meet the "after-discovered evidence" exception to the statute of limitations because the proferred new evidence, the Leaks' affidavit, would be cumulative and could not compel a different result.  (Mtn.  to Dismiss at 10).

Moreover, in a July 22, 2009, letter to Judge Brinkley of the PCRA court, the Commonwealth stated that it was asked by the court to clarify its position on the timeliness of the PCRA petition.  (LaBar Letter 8/22/09).  The Commonwealth stated only that defendant's claims

8

as to timeliness were sufficient *as an offer of proof* but that defendant would have to bear the burden of proving out that his petition overcame the time bar.  (LaBar Letter 8/22/09).  The Commonwealth further stated that hearing on timeliness was unnecessary because the court indicated it would dismiss the matter based on the lack of merit to the proffered testimony of the newly discovered witness.  (LaBar Letter 8/29/09).

In light of the above, we cannot find the Commonwealth conceded to the timeliness of the petition.  To that extent, petitioner cannot demonstrate that the Commonwealth "actively mislead" petitioner, as the equitable tolling standard requires.

Next, petitioner argues that we should apply equitable tolling because the Superior Court's opinion in petitioner's second PCRA proceeding "has ambiguity written all over it." (Traverse at 9).  More specifically, petitioner contends that the Superior Court affirmed the lower court's decision, but that the lower court never specifically held that the petition was untimely and, instead, held that the evidence lacked the ability to alter the verdict.  (Traverse at 9).  We disagree with petitioner that the Superior Court's decision is ambiguous.

For clarification and to refute that the Superior Court's opinion warrants equitable tolling in this case, we shall dissect the state court opinions.  The docket and PCRA court opinion reflect that on December 18, 2009, the PCRA court denied the second PCRA petition on the merits without holding an evidentiary hearing.  Petitioner appealed the court's decision and, on May 5, 2010, the PCRA court issued an opinion addressing petitioner's sole issue of whether the petition was properly denied without an evidentiary hearing.  The PCRA court explained that a petition can be dismissed without a hearing if there are no genuine issues of material fact.  (PCRA Ct. Op.  5/5/10 at 4).  The court then explained and refuted petitioner's claim that the new

evidence, testimony from Antonio Leaks, would compel a different verdict.  (PCRA Ct.  Op.
5/5/10 at 4).  The court determined that the evidence would be "corroborative and cumulative of
Defendant's own testimony and would not likely result in a different verdict."  (PCRA Ct.  Op.
5/5/10 at 5).  The court emphasized that Leaks' testimony would repeat Defendant's testimony
and not add any new information or facts, and that the jury had made a credibility determination
against Defendant after hearing all of the testimony.  (PCRA Ct.  Op.  5/5/10 at 5).

      In his appeal to the Superior Court, petitioner contended that he was "entitled to a
remand to the PCRA court for an evidentiary hearing where the PCRA court denied such a
hearing, and the new evidence would likely compel a different verdict."  (Superior Ct.  Op.
12/16/10 at 3 citing App.  Br.  at 4).  The Superior Court also stated that "[a]ppellant contends that
he is entitled to a hearing because he complied with the timeliness requirements of 42 Pa.C.S.A. §
9545."  (Superior Ct.  Op.  12/16/10 at 3).  The Superior Court then reviewed petitioner's single
claim by first determining whether petitioner met the timeliness standard s and exceptions set
forth in section 9545.

      The Superior Court engaged in a comprehensive discussion of the one-year time
limitations on the filing of second or subsequent PCRA petitions, and noted that, pursuant to
section 9545(b)(1), there are three exceptions to this one-year rule: (1) if failure to raise the claim
previously was the result of government interference; (2) if the facts upon which the claim is
predicated were unknown to the petition and could not have been ascertained earlier; or (3) the
right asserted is a constitutional right that was recognized after the time period provided in this
section and has been applied retroactively by the court.  (Superior Ct.  Op.  12/16/10 at 4-5).   The
court then stated that any petition invoking one of the above exceptions also needed to be filed

10

within 60 days of the date the claim could have been presented, as established by section 9545(b)(2). (Superior Ct. Op. 12/16/10 at 5). The court cited the case <u>Commonwealth v. Geer</u>, 936 A.2d 1075, 1078 (Pa. Super. 2007) for the proposition that a PCRA petition was untimely when the appellant made no allegation that he presented the claim within sixty days of when he discovered new facts.

So as to demonstrate that the court's opinion is clear, we note that the Superior Court then reiterated that in order for the court to have jurisdiction over the petition, petitioner must meet one of the exceptions in 9545(b)(1) *as well as* demonstrate that the petition was filed within 60 days of the date the claim could have been presented. (Superior Ct. Op. 12/16/10 at 5-6). The court explained that petitioner relied on the after-discovered evidence exception to the one-year time limitation and, more specifically, an affidavit by Antonio Leaks who witnessed the incident at issue. (Superior Ct. Op. 12/16/10 at 6). The court clearly explained that while petitioner filed his second PCRA petition within sixty days of the Pennsylvania Supreme Court's denial of *allocatur* on the first PCRA petition, petitioner did not meet his burden of proving when exactly he learned of the newly discovered evidence. (Superior Ct. Op. 12/16/10 at 6). The court explained that neither the PCRA petition nor the affidavit provide a timeframe for when petitioner learned of the information contained in Leaks' affidavit. (Superior Ct. Op. 12/16/10 at 6).

The Superior Court acknowledged that petitioner could not have filed his second PCRA petition while the first PCRA petition was still pending, but raised the possibility that petitioner may have known about the evidence prior to the filing of the first PCRA petition because petitioner provided no evidence to the contrary. (Superior Ct. Op. 12/16/10 at 7).The

court noted the date of November 17, 2006,  as written by the notary on the affidavit, but again emphasized that this date only established when the affidavit was notarized and did not indicate when Leaks informed petitioner of what he had witnessed.  (Superior Ct.  Op.  12/16/10 at 6-7). The court also noted that if petitioner learned of the information on November 17, 2006, at the latest, petitioner "delayed presentation of the claim" by seeking *allocatur* to the Pennsylvania Supreme Court on his first PCRA petition rather than presenting this claim concerning Leaks' affidavit.  (Superior Ct.  Op.  12/16/10 at 7).

Further clarifying that the Superior Court found petitioner's second PCRA petition to be untimely, the court stated the following in its opinion: "appellant nevertheless failed to meet the sixty-day requirement" and  "[t]hus, he has not proven that he filed his petition within the sixty-day time bar of 42 Pa.C.S.A. § 9545(b)(2)."  (Superior Ct.  Op.  12/16/10 at 6, 8).  In light of the above, we do not agree with petitioner that the court's opinion "has ambiguity written all over it" (Ptr.  Traverse at 3, 9).   Moreover, we emphasize to petitioner that the sixty-day portion of section 9545(b)(2) is an additional timeliness requirement when a defendant has invoked the newly discovered evidence exception under section 9545(b)(1)(ii).  See Comm.  v.  Williamson, 21 A.3d 236, 242 (Pa.Super.  2011)(holding that second PCRA petition was untimely and did not meet a timeliness exception where defendant failed to file petition within sixty days of newly discovered fact).

Accordingly, after review of all of petitioner's arguments on equitable tolling, we decline to extend our equitable tolling powers.  We recommend that the instant habeas petition be dismissed in its entirety.

Therefore, I make the following:

<u>RECOMMENDATION</u>

AND NOW, this_____ day of August, 2011, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

FURTHER, petitioner's request that the court appoint counsel or an investigator to assist petitioner in proving equitable tolling (Traverse at 11-12) is DENIED.

BY THE COURT:


    /s/ LINDA K.  CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

13