IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIK SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | No. 09-2655 |
| | : | |
| PAUL K. SMEAL, et al. | : | |

**<u>ORDER</u>**

AND NOW, this 24th day of October, 2013, upon careful and independent consideration of Petitioner Malik Smith's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa and Smith's objections thereto, it is ORDERED:

1. Smith's Objections to the Report and Recommendation (Document 28) are OVERRULED;[1]

---

[1] In his objections to the Report and Recommendation, Smith raises no issues that would cause this Court to disturb Judge Caracappa's conclusion that the statute of limitations under 28 U.S.C. § 2244(d)(1) bars consideration of Smith's habeas petition.

All parties agree the Pennsylvania Supreme Court denied Smith's petition for allowance of appeal of his conviction on September 29, 2003. The Report and Recommendation contains certain nondispositive calculation errors, and this Court makes the following corrections. The Report and Recommendation states Smith's judgment of sentence became final on December 18, 2003, upon expiration of the time in which Smith could seek review by the United States Supreme Court (ninety days after the Pennsylvania Supreme Court's denial). The judgment actually became final, however, ten days later on December 28, 2003. Thus, the one-year limitations period in which to file for habeas corpus relief began to run on December 29, 2003, and absent tolling of the limitations period, Smith had until December 29, 2004, to file a timely habeas petition under § 2244(d)(1)(A). When Smith filed his first Post Conviction Relief Act (PCRA) petition on June 17, 2004, 172 days of the limitation period had passed (including that day). The habeas limitations period was then tolled pursuant to the provisions of § 2254(d)(2) for "properly filed application[s] for state post-conviction [relief]" until December 20, 2007, when the Pennsylvania Supreme Court denied allocator. The clock resumed on December 21, 2007, with 193 days remaining to file. Assuming no other basis for tolling applied, a timely habeas petition was due to be filed by July 1, 2008. Smith filed his habeas petition on May 28, 2009, almost a year after the deadline.

Smith did file a second PCRA petition on February 12, 2008, and if this petition had been properly filed, it would have again tolled the limitations period. The Superior Court determined, however, his petition was untimely, and therefore, the limitations period continued to run. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417-19 (2005) (holding petitioner was not entitled to statutory or equitable tolling because the state court rejected petitioner's PCRA petition as untimely, meaning it was not "properly filed" and the tolling provisions did not apply, and because petitioner was not diligent in presenting his claims). The PCRA court denied Smith's second petition on the merits and did not address its timeliness. On December 16, 2010, the Pennsylvania Superior Court affirmed the lower court's decision with regard to the merits of Smith's claims, but also held Smith did not meet the statutory exception to the limitations period or the subsequent petition limitations period under 42 Pa. Cons. Stat. § 9545, and thus, his second PCRA was untimely. *C.f. Carey v. Saffold*, 536 U.S. 214, 226 (2002) (explaining if the state court ruled petitioner's post-conviction motion was untimely, that would be the end of the matter even if the state court also addressed the merits of the claim).

In objecting to the Report and Recommendation, Smith reasserts his claim it was the State's deception that caused the alleged untimely filing of his second PCRA petition, and therefore, this Court should toll the habeas limitation period under equitable tolling principles. He argues Judge Caracappa erred in failing to conduct "an evidentiary hearing to establish the facts regarding the Respondents' and State Court's concession that his petition was in fact timely filed." Pet'r's Objections 1. Smith claims an evidentiary hearing is mandatory when there are disputed facts material to the disposition of a petition. When a petition is barred by the statute of limitations, however, an evidentiary hearing is only required if the petitioner was diligent in pursuing his claims or he was prevented in some extraordinary way from filing a timely petition. *See Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding the district court did not abuse its discretion in dismissing state prisoner's untimely federal habeas petition without an evidentiary hearing because petitioner "has not offered any basis for finding that he has been prevented in some extraordinary way from asserting his rights, nor has he shown he has been diligent in pursuing his claims"); *Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002) (explaining petitioner was not entitled to an evidentiary hearing on his equitable tolling claim because he did not demonstrate the diligence necessary to warrant such a hearing); *Santos v. Mike Powers*, No. 07-2022, 2007 WL 2752092, at *5 n.2 (D.N.J. Sept. 18, 2007) (finding no evidentiary hearing was necessary on petitioner's equitable tolling claim because he "has not even attempted to explain his lack of diligence . . . in failing to bring his § 2254 Petition for 360 days after the [state] Supreme Court denied certification from the denial of post-conviction relief").

An evidentiary hearing is not warranted in this case because it is apparent Smith was not diligent in filing either his second PCRA or his federal habeas petition nor was he prevented from filing the petitions in a timely manner. Judge Caracappa adequately addressed and rejected Smith's claims that the Commonwealth conceded to the timeliness of his second PCRA petition and that the Superior Court failed to directly address the timeliness of this petition; it is clear the Commonwealth did not concede nor mislead Smith and the Superior Court held the second PCRA petition was untimely. Furthermore, Smith could have filed his habeas petition within the limitations period to preserve his claim before he filed his second PCRA petition or, as the Superior Court pointed out, presented the new evidence contained in his second PCRA petition immediately rather than appealing the decision on his first PCRA petition. Therefore, because

2.	Smith's request for the Court to appoint an investigator or attorney to help him procure documents regarding his equitable tolling claim is DENIED as moot;

3.	The Report and Recommendation (Document 20) is APPROVED and ADOPTED;

4.	Smith's petition for writ of habeas corpus (Document 1) is DENIED;

5.	There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability; and

6.	The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

Smith has not shown the requisite diligence or extraordinary obstacles in assertion of his rights, an evidentiary hearing on his timeliness is unnecessary.

Lastly, Smith asserts this Court erred in denying his Motion to Stay proceedings. Smith filed his Motion to Stay after the Report and Recommendation was issued, alleging two new witnesses had come forward who could prove his innocence and asserting he had filed a third PCRA petition in the state court which could have significant bearing on the present habeas corpus petition. By Order of November 17, 2011, this Court denied Smith's Motion, and he then timely filed his objections to the Report and Recommendation. Smith's request for this Court to reconsider its denial does not belong in his objections to the Report and Recommendation. In any event, his request for reconsideration, even if filed as a separate motion, is denied. "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation and internal quotation marks omitted). To succeed in his request to amend a prior judgment, a party seeking reconsideration must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its prior decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citation omitted). Smith has failed to meet this burden. In his objections, he simply reasserts the same arguments he made in his original Motion to Stay. Accordingly, his request for reconsideration is denied.